SACKETT, Judge
(dissenting).
I dissent. I would affirm the commissioner.
The Deputy, whose decision was adopted by the Industrial Commissioner as the final agency action, found Hurley was not a credible witness, noting that she gave several different versions of how the alleged injury occurred.
The Deputy found Hurley never indicated to anyone at Sheller-Globe she was claiming her work aggravated her back. In filling out applications for disability benefits under a nonoccupational insurance policy, Hurley stated she had injured her back lifting dry *799 wall in July 1988 and lifting a box in September 1988.
Hurley never told any of the doctors who were treating her in 1988 that her work at Sheller-Globe caused her to experience back pain. At the hearing, she indicated it was not the work she was performing at Sheller-Globe that caused her back pain, but standing.
The Deputy found there was no evidence in the record to corroborate Hurley’s claim the alleged low back injury was work-related, and, in fact, the employer’s records and the witnesses who testified at hearing showed Hurley did not complain of a work-related injury to any representative of Sheller-Globe; rather, she reported a low back injury which occurred at home. The Deputy noted Hurley “composed a less than credible version as to why her written claim forms were inconsistent with her testimony under oath.” The Deputy ruled that in light of Hurley’s history of back problems, her lack of credibility, and the lack of evidence of a work injury, she did not sustain an injury which arose out of or in the course of her employment.
The Deputy found no work-related injury occurred, therefore, there was no reason to consider the medical evidence on causation. Although both of the physicians whose opinions were reported in the record stated that Hurley’s job could have contributed to her injury, the opinions are not controlling because the Deputy found her testimony did not support a finding a work-related injury occurred.